UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC DEWAYNE JACKSON | CIVIL ACTION |
| VERSUS | NO. 12-1268 |
| ROBERT CROWE, DEMILLE TOPPS, WALLY CUMMINS | SECTION "J"(4) |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Factual Summary**

The plaintiff, Eric Dewayne Jackson ("Jackson"), is an inmate incarcerated in the Washington Parish Jail ("WPJ"). He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Washington Parish Sheriff Robert Crowe[1], Washington Parish Prison Warden Demille Topps, and Washington Parish Prison Assistant Warden Wally Cummins,

---

[1] Sheriff Randy Seal replaced Sheriff Robert Crowe in his capacity as Sheriff of Washington Parish. Wally Cummings was incorrectly identified as "Wally Cummins" on the Complaint. The defendants, Randy Seal and Wally Cummings will be correctly identified in this Report and Recommendation.

(collectively, "Defendants") complaining about the conditions of his confinement at the Washington Parish Prison.

Jackson alleges that the conditions in Washington Parish Prison are unsanitary. He alleges that fungus is growing in the shower and prisoners are denied access to bleach in order to clean it. He complains that prisoners are not checked during initial intake for contagious diseases. He alleges that inmates have been developing staph and scabies without being quarantined and that they are forced to sleep on concrete floors.

The plaintiff contends that the prisoners do not receive hygiene products or energy packs. He also complains that the prison does not have a medical staff and that the on-duty deputies pass out medication to prisoners. He further alleges that he never goes out on "the yard" and that the food is always cold. As relief, he requests that changes in the conditions of the prison be ordered and that he receive monetary compensation for his mental distress and suffering.

## II.     Standards of Review for Frivolousness

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such

as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Analysis

Jackson complains that he is being detained in unsanitary conditions and denied adequate medical care. He also complains that the prison is without adequate staffing and that he does not receive hygiene products or energy packs. Jackson's Complaint against the Defendants should be dismissed as frivolous and/or for failure to state a claim for which relief can be granted.

#### A.   Physical Injury Requirement

Jackson filed the subject suit seeking damages for his mental stress and suffering from the conditions of his confinement at the Washington Parish Prison. Under 42 U.S.C. § 1997e(e), "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The United States Fifth Circuit Court of Appeals, in interpreting this provision, has held that the phrase "physical injury" in § 1997e(e) means an injury that is more than *de minimis*, but it need not be significant. *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (quoting *Harper*, 174 F.3d at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)

(defining "physical injury" fur purposes of § 1997e(e))); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir.1999).

In the instant case, Jackson has failed to allege that he personally sustained any physical injury or illness to support a recovery under § 1983. Therefore, the Court finds that his claims against the Defendants be dismissed pursuant to 28 U.S.C. § 1915e(2) and 42 U.S.C. § 1997e(1) as they are frivolous and fail to state a claim for which relief may be granted.

### B.     No Liability for Supervisory Capacity

Jackson names Sheriff Randy Seal, Warden Demille Topps, and Warden Wally Cummings as the Defendants. Jackson does not, however, set forth any specific allegations in his Complaint against the Defendants.[2] Under a broad reading, it appears that he has named the Defendants because of their supervisory role as the head of the Orleans Parish Prison and the employer of the offending deputies.

Supervisory officials, like the Defendants, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

---

[2] Jackson's only "specific" Complaint is that "[e]ach Defendant has the power to change these problems, but they do not."

Jackson, however, has not alleged that the Defendants were personally involved in or aware of the events or conditions of which he complains. Jackson, therefore, has not demonstrated a personal connection or action that would render the Defendants liable under § 1983.

Admittedly, a warden or other supervising officer not personally involved in the acts that deprived the plaintiff of his constitutional rights may be liable under § 1983 if: (1) the warden or supervising officer failed to train or supervise the subordinate officers involved; (2) there is a causal connection between the alleged failure to supervise or to train and the alleged violation of the constitutional rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (1991) (citations omitted).

In the instant case, however, Jackson names the Defendants simply because of their supervisory positions. Jackson has alleged no cause of action for the Defendants' personal involvement, failure to intervene, or failure to supervise. Because he has failed to assert any allegations against the Defendants that would make them liable as a supervisory officials, the Court finds that Jackson's claim against the Defendants are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e(c).[3]

## IV.  Recommendation

Accordingly,

It is therefore **RECOMMENDED** that Jackson's 42 U.S.C. § 1983 claims against the defendants, Sheriff Randy Seal, Warden Demille Topps and Assistant Warden Wally Cummings be

---

[3] The Defendants allege in their Answer that Jackson has failed to exhaust all administrative remedies available to him pursuant to 42 U.S.C. § 1997e(a). However, the Court does not address this issue after finding that the claims are already dismissed as frivolous and/or for failure to state a claim for which relief can be granted.

**DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e, and for otherwise failing to state a claim upon which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 18th day of July, 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.